### TAGGART v. BREMNER et al.

(Circuit Court of Appeals, Seventh Circuit. September 21, 1922.)

No. 2943.

1. **Patents ⊙⇒328—No. 983,580, for dental inlay apparatus, held not infringed.**
   Patent No. 983,580, for apparatus for making castings for dental inlays, *held* not infringed.

2. **Patents ⊙⇒328—Nos. 872,978, 865,823, 983,579, for dental inlay apparatus and processes, held invalid.**
   Patents Nos. 872,978, 865,823, 983,579, for a method and apparatus for making molds for dental inlays, a method for making the inlays, and for the inlay itself, *held* invalid, because anticipated.

3. **Patents ⊙⇒165—Claims may not be narrowed in construction in order to uphold them.**
   It is beyond the province of the court to take elements from broad claims and construct a narrow claim, which might be saved by making it still narrower through interpretation; the documents being construed as they stand.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by William H. Taggart against M. D. K. Bremner and others. Decree for defendants, and plaintiff appeals. Affirmed.

Russell Wiles, of Chicago, Ill., for appellant.

Lynn A. Williams, of Chicago, Ill., for appellees.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Appellant failed in his suit to enjoin the alleged infringement of four patents relating to dental inlays.

[1] No. 983,580 covers an apparatus for making castings, and was held by the District Court to be valid but not infringed. We agree that noninfringement clearly appears, and for that reason it is not necessary in this litigation to inquire into validity and scope.

[2] No. 872,978 is for a method of making molds, and the following claim is typical:

"The method of forming patterns for casting dental inlays which consists of molding plastic material in the cavity to be filled to the size and shape of the desired inlay and obtaining the lower contour of the pattern by co-operation of the plastic material with the cavity wall."

No. 865,823 is for an apparatus for making the molds, and the following claim is typical:

"In a device of the class described, the combination with a flask of a cover therefor having a projection adapted to form a depression in the mold to serve as a crucible for melting the metal, and a sprue former having a reduced end adapted to be attached at one end to the pattern and to have its reduced end inserted in a perforation in the center of the projection of said cover."

No. 983,579 is for a method of making dental inlays, and the following claim is typical:

"The method of making a dental inlay filling which consists of melting the metal in a crucible shaped depression in a mold which is provided with a hollow of the size and shape of the desired filling and with a sprue hole connecting the hollow with the depression, and forcing the molten metal by gas pressure into the hollow."

This same patent also claims the inlay as a product:

"A dental inlay cast entire from molten metal and being throughout of metal of the same composition and being cast to the size and shape necessary to fill the cavity for which it is intended."

At the trial the evidence was all produced in open court and the judge had an opportunity to determine weight and credibility that is denied to us. But the printed pages satisfy us beyond a doubt that Philbrook, preceding appellant by 10 years, put and maintained in public use the following method of making dental inlays (with apparatus adequate to the method): He prepared the tooth cavity; he caused the walls of the tooth cavity to determine the size and shape of the pattern composed of plastic material, namely, dental wax; he formed a mold about the wax pattern; he formed a crucible shaped depression in the mold; he formed a sprue hole connecting the crucible and the interior of the mold from which he melted out the wax pattern; he melted the inlay metal in the crucible; and by air pressure he forced the molten metal into the hollow.

This finding would seem to destroy all the claims of all the patents except the noninfringed machine patent. But counsel assert that Philbrook used only Watts metal for his inlays, and urge that Taggart's "invention" (spoken of as an integer) gave gold inlays to the dental profession and that his invention should be protected by limiting the

claims to gold. Several objections obtrude. There is evidence that Philbrook's method, as practiced by himself and others, included the use of gold. (To reverse the decree we would have to find against this evidence.) Taggart's claims cover all metals suitable for dental inlays, and there is nothing in the specifications and claims to indicate any greater difficulties in using gold than in using other suitable metals. But especially we have been unable to find a single claim in which all of the essential elements of the Taggart process as applicable to metals in general have been integrated. Each of the 46 claims that were put in issue must in law be considered as a separate invention.

[3] Counsel has failed to point to any claim which is for such a detailed and specific improvement over the prior art that it could be saved by limiting metal to gold. It is beyond our province to take this, that, and the other element from broad claims and construct a narrow claim, which might be saved by making it still narrower through interpretation. We may only construe the documents as they stand.

The decree is affirmed.